UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HARRISON,<br><br>    Plaintiff,<br><br>v.<br><br>AUTO DETAIL SUPPLY PROS et al.,<br><br>    Defendants. | Case No. 8:24-cv-01088-SB-KES<br><br>ORDER DISCHARGING OSC RE: SANCTIONS [DKT. NO. 36] AND DISMISSING WITHOUT PREJUDICE |

      Plaintiff filed a complaint May 23, 2024, alleging that Defendants—Auto Detail Supply Pros, Britos Transportation Inc., Alma Alejandra Brito, Bertha Prado, and Ramon Prado—impeded Plaintiff's access by not maintaining adequate parking facilities at 1117 S. Main St. #D, Santa Ana, CA 92707 in violation of the Americans with Disabilities Act (ADA) and California's Unruh Act. Dkt. No. 6. The Court declined supplemental jurisdiction over the Unruh Act claim and dismissed it without prejudice. Dkt. No. 19. After Defendants failed to appear, Plaintiff requested that the clerk enter default against them, which it did on August 30, and the Court ordered Plaintiff to file a motion for default judgment by October 4. Dkt. Nos. 22–30. Plaintiff instead dismissed Bertha Prado and Ramon Prado, Dkt. No. 31, and filed an amended complaint that appeared to improperly bring a new lawsuit in the same case—it kept the original Defendants in the caption but raised allegations only against new defendants (OC Select Auto Sales and OC Select, Inc. (the OC Select Defendants)) at a different location, 1731 W. 1st St., Santa Ana, CA 92703, Dkt. No. 32.

      Accordingly, the Court struck the amended complaint and issued an order to show cause (OSC) why Plaintiff and his counsel should not be sanctioned for filing the amended complaint—requiring Plaintiff to explain the Rule 11 basis for the changes in it (i.e., raising claims against new Defendants relating to a new location, retaining the original Defendants in the caption without any allegations against them, and realleging the dismissed Unruh Act claim). Dkt. No. 36.

      In response, Plaintiff's counsel filed a declaration conceding that he failed to "thoroughly investigat[e] the facts of this case prior to initiating this action" and

1

"should have been more diligent in investigating the facts." Dkt. No. 37 ¶¶ 12, 14. Counsel explains that the original complaint erroneously listed 1117 S. Main St. as the premises at issue and the correct offending premises was the one associated with the new Defendants at 1731 W. 1st St. *Id.* ¶¶ 5–7. The declaration indicates that the error arose from counsel's reliance on a business card Plaintiff received when he visited the offending premises—Plaintiff could not recall the exact business he visited due to cognitive limitations resulting from a stroke. *Id.* ¶¶ 5, 12. Counsel avers that, after providing photographs of the offending premises to counsel for dismissed Defendants Ramon Prado and Beth Prado, he was informed the 1117 S. Main St. address was incorrect. *Id.* ¶¶ 4, 6–7. After investigating further, he discovered the right address and Defendants (the OC Select Defendants), to which Defendants Alma Alejandra Brito and Britos Transportation are related. *Id.* ¶¶ 7–9. He adds that he intended to allege that the OC Select Defendants and Britos Transportation "were the alter egos" of Alma Alejandra Brito, but he gives no reason why the amended complaint did not include such allegations nor does he explain why Auto Detail Supply Pros remained in the complaint. *Id.* ¶ 10. As to the inclusion of the Unruh act claim, he notes it was inadvertent because he is unaccustomed to filing amended pleadings. *Id.* ¶ 13.

     Counsel failed to conduct a reasonable factual inquiry before filing the original complaint, in violation of his Rule 11 duties. However, the Court declines to impose any sanction other than the following written admonishment: counsel is cautioned to be more careful in the future and is ordered to disclose that he has been admonished in the event that this Court issues an OSC against him in any future case. In deciding to impose only a written admonishment, the Court has taken into account that counsel has accepted full responsibility for the violation.

     Finally, counsel's declaration shows that the original complaint is unsubstantiated—Plaintiff never visited the premises identified in it as having inadequate parking facilities (1117 S. Main St.). As the Court struck the amended complaint, the original complaint is the operative pleading. Because Plaintiff concedes it is meritless, the Court dismisses the complaint without prejudice. If Plaintiff wishes to proceed, he may file a new action naming the proper defendants and premises.

Date: October 2, 2024

                                                   Stanley Blumenfeld, Jr.
                                                   United States District Judge